UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHILD A., by next friend PARENTS A.,
CHILD B., by next friend PARENTS B.,          Case No. 20-cv-10363
CHILD C., by next friend PARENT C.,
CHILD D., by next friend PARENTS D.,          Paul D. Borman
                                              United States District Judge
            Plaintiffs,
v.                                            Michael J. Hluchaniuk
                                              United States Magistrate Judge
SALINE AREA SCHOOLS, SALINE AREA
SCHOOLS BOARD OF EDUCATION,
SCOT GRADEN, STEVE LAATSCH,
DAVID RAFT, JOE PALKA, THERESA
STAGER, MOLLY GARCIA, and KIRK
EVENSON,

            Defendants.
_____/

OPINION & ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AS MOOT

Now before the Court is Plaintiff Children A, B, C, and D's Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 5.) In it, Plaintiff Children ask the Court to enjoin Defendants (Saline Area Schools, Saline Area Schools Board of Education, Superintendent Scot Graden, Assistant Superintendent Steve Laatsch, Principal David Raft, Assistant Principals Joe Palka, Theresa Stager, and Kirk Evenson, and Director of Student Services Molly Garcia) from enforcing the disciplinary sanctions imposed on Plaintiffs for their

participation in an out-of-school Snapchat[1] conversation in which they used the N-word, the phrase "white power," and posted racist memes. (*Id.*; ECF No. 12-3, Screenshots, PgID 274–81.) They argue that Defendants violated the First Amendment for punishing them for out-of-school speech. (ECF No. 1, Complaint, PgID 14–18, 20–21, ¶¶ 84–123, 134–141.) They also argue that Defendants exceeded their authority under The Matt Epling Safe School Law and that Defendants' Anti-Bullying Policy (po5517.01) is void for vagueness and invalid due to overbreadth. (*Id.* at PgID 21–24, 19–20, ¶¶ 124–133, 142–155.)

As of the March 10 hearing on Plaintiff's Motion, injunctive relief would have affected only Plaintiffs C and D, who were banned from school campus and extracurricular activities for the remainder of the school year, until June 5. (ECF No. 12-10, Decision of Administrator, PgID 325, 328.) They were offered online course work so that they would not fall behind academically during the period in which they were not allowed on school campus. (*Id.*)

---

[1] Snapchat is a mobile messaging application where users can send each other text and photos that are automatically deleted once viewed. *Chat With Friends*, Snapchat Support, https://support.snapchat.com/en-US/a/chat. Messages in group chats are deleted after 24 hours, *id.*, and messages sent by users who leave the group are deleted as soon as that user leaves the group. *Group Chat*, Snapchat Support, https://support.snapchat.com/en-US/a/group-chat.

Now, the requested relief is unavailable. On March 12, Governor Gretchen Whitmer announced that all Michigan schools must close from March 16 through April 5 due to the ongoing global coronavirus pandemic. David Jesse, *Gov. Gretchen Whitmer: All Michigan K-12 Schools Must Close Until April 5*, Detroit Free Press (Mar. 12, 2020, 11:01 PM), https://www.freep.com/story/news/education/2020/03/12/coronavirus-michigan-k-12-schools-close-until-april-5/5039384002/. On March 23, Governor Whitmer announced that a "stay home" order would be in place from March 24 through April 13, further extending the period of public school closure. Paul Egan & Kathleen Gray, *Gov. Gretchen Whitmer Issues 'Stay at Home' Order for Michigan, Effective at Midnight*, Detroit Free Press (Mar. 23, 2020, 10:59 AM), https://www.freep.com/story/news/local/michigan/2020/03/23/michigan-shelter-in-place-order-coronavirus/2887578001/. Finally, on April 2, Governor Whitmer announced the decision to close public schools for the remainder of the 2019-2020 school year. https://www.freep.com/story/news/education/2020/04/02/michigan-public-schools-closed-coronavirus/2926930001/. No student will be able to attend in-person classes or participate in extracurricular activities this year.

3

Plaintiffs' request, "that whenever the school reopens, all of them will be permitted to fully engage in their schooling and extracurricular activities," is moot because the school will not reopen this year. (ECF No. 19, Supplemental Brief, PgID 395.) This Court will not reach the First Amendment question before it is necessary. *See Nelson v. Miller*, 170 F.3d 641, 648–49 (6th Cir. 1999) (citing *Three Affiliated Tribes of Fort Berthold Reservation v. Wold Eng'g, P.C.*, 467 U.S. 138, 157, (1984) for "fundamental rule of judicial restraint" that courts should not reach constitutional questions before it is necessary).

Accordingly, the Court DENIES Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction as moot. (ECF No. 5.)

IT IS SO ORDERED.

Dated:  April 2, 2020                                  s/Paul D. Borman
                                                                  Paul D. Borman
                                                                  United States District Judge