UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHILD A., by next friend PARENTS A,
CHILD B., by next friend PARENTS B,        Case No. 20-cv-10363
CHILD C., by next friend PARENT C,
CHILD D., by next friend PARENTS D,        Paul D. Borman
                                           United States District Judge
                Plaintiffs,
v.                                         Michael J. Hluchaniuk
                                           United States Magistrate Judge
SALINE AREA SCHOOLS, SALINE AREA
SCHOOLS BOARD OF EDUCATION,
SCOT GRADEN, STEVE LAATSCH,
DAVID RAFT, JOE PALKA, THERESA
STAGER, MOLLY GARCIA, and KIRK
EVENSON,

                Defendants.
_____/


ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION
FOR SUMMARY JUDGMENT (ECF NO. 28)

     This case stems from an incident on Sunday evening, January 26, 2020, when

several 11th grade students and members of the Saline High School Football team

used their personal devices to participate in a group chat on Snapchat.[1] (ECF No. 1,

Complaint, PgID 6–7, ¶¶ 33–35; ECF No. 12-2, Incident Report Form, PgID 272.)

---

[1] Snapchat is a mobile messaging application where users can send each other text and photos that are automatically deleted once viewed. *Chat With Friends*, Snapchat Support, https://support.snapchat.com/en-US/a/chat. Messages in group chats are deleted after 24 hours, *id.*, and messages sent by users who leave the group are deleted as soon as that user leaves the group. *Group Chat*, Snapchat Support, https://support.snapchat.com/en-US/a/group-chat.

Plaintiffs, Children A, B, C, and D, were among these students. (ECF No. 1, Complaint, PgID 6, ¶ 34.) Students participating in the group chat repeatedly used the N-word, referenced "white power," and posted racist memes. (ECF No. 12-3, Screenshots, PgID 274–81.) Children A, C, and D, who are all white, contributed to the group chat using the N-word, and Child B changed the name of the group to "Racist" followed by two gorilla emojis.[2] (ECF No. 12, Response, PgID 244; ECF No. 12-2, Incident Report Form, PgID 272.) One black student who had been added to the group made a video of the chat, talked about how it made him feel, and then uploaded it to a more public social media forum. (ECF No. 1, Complaint, PgID 7–8, ¶¶ 42–43.) From there the posts in the chat went viral. (*See, e.g.*, ECF No. 12-11, Communications to School, PgID 343, 350.)

The following morning, Defendants (Saline Area Schools, Saline Area Schools Board of Education, Superintendent Scot Graden, Assistant Superintendent Steve Laatsch, Principal David Raft, Assistant Principals Joe Palka, Theresa Stager, and Kirk Evenson, and Director of Student Services Molly Garcia) suspended

_____

[2] The names of the students are redacted from the screenshots (pictures taken of the screen of an individual's phone) of the chat so it is difficult to tell which child said what. (ECF No. 12-3, Screenshots, PgID 274–81.) Thus, the Court is relying on the representations of Defendants in terms of who posted what in the group. (*See* ECF No. 12, Response, PgID 244–45.)

Plaintiffs for their participation in the group chat. (ECF No. 1, Complaint, PgID 8–9, ¶ 51.) After further investigation, Plaintiff Children A and B were suspended for ten days and barred from participation in extracurriculars for the remainder of the trimester, which ended on March 6. (*Id.* at PgID 10, ¶ 59; ECF No. 12, Response, PgID 247–48.) After hearings with the District Administrator, Plaintiff Children C and D were suspended through the end of the trimester on March 6, barred from entering school property or attending any school functions for the remainder of the school year (until June 5), and offered online course work for the third trimester (March 9-June 5). (ECF No. 12-10, Decision of Administrator, PgID 325, 328.)

Plaintiffs responded with this lawsuit. (ECF No. 1, Complaint, PgID 25.) They argue their suspensions and other disciplinary sanctions were in violation of their First Amendment rights, due process rights, and rights under the Michigan Constitution. (*Id.* at PgID 14–18, 20–21, ¶¶ 84–123, 134–141.) They also argue that Defendants exceeded their authority under The Matt Epling Safe School Law (Michigan Statute) and that Defendants' Anti-Bullying Policy (po5517.01) is void for vagueness and invalid due to overbreadth. (*Id.* at PgID 21–24, 19–20, ¶¶ 124–133, 142–155.) On February 24, 2020 Plaintiffs filed their Motion for Temporary Restraining Order and Preliminary Injunction asking the Court to enjoin Defendants

3

from further enforcing the disciplinary sanctions, (ECF No. 5), but this motion was made moot by the global COVID-19 pandemic and the associated closure of schools for the rest of the 2019-2020 school year. (ECF No. 22.)

Now, all Plaintiffs will be returning to school, and the only remaining disciplinary sanction is the documentation of this incident on their school records. They now seek relief from this sanction and have asked the Court for leave to file an early motion for summary judgment. (ECF No. 28.) They argue that the limited amount, if any, of discovery that has already been conducted is sufficient because, they argue, public schools cannot discipline students for off-campus, out-of-school hours speech unless that speech constitutes a true threat or some other type of speech that can be regulated under standard First Amendment principles, and the undisputed facts indicate that the speech in question was not a true threat. (*Id.* at PgID 496–503.) They also mention that the Plaintiffs will be applying for college this fall and "need to have certainty as to what their school records and transcript will reflect regarding the incident at issue in this case." (*Id.* at PgID 476.)

By request of the Court, Defendants filed a Response to Plaintiff's Motion for Leave to File Motion for Summary Judgment. (ECF No. 30.) They argue that public schools may discipline students for off-campus speech if that speech causes

"substantial disorder or invasion of the rights of others," and that they need to

conduct discovery to prove that Plaintiffs' speech caused a substantial disruption of

the school environment and invaded the rights of other students before any motion

for summary judgment. (*Id.* at PgID 549–55 (quoting *Tinker v. Des Moines Indep.*

*Cmty. Sch. Dist.*, 393 U.S. 503, 513 (1969).)

In general, this Court disfavors motions for summary judgment filed before

the close of discovery, and will not grant them absent extraordinary circumstances.

*See Sample Case Management and Scheduling Order*, p.4, http://www.mied.

uscourts.gov/pdffiles/BormanCaseManagementOrder.pdf. This reflects the well-

established rule that parties "must receive a full opportunity to conduct discovery to

be able to successfully defeat a motion for summary judgment." *Ball v. Union*

*Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (internal quotation and citation

omitted); *see also Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) ("The

general rule is that summary judgment is improper if the non-movant is not afforded

a sufficient opportunity for discovery.")

Here, some additional discovery is necessary to reach a fair and efficient

resolution of this case. Although Plaintiffs offer the novel argument, yet to be

adopted by any federal appeals court, that the *Tinker* standard does not apply to off-

campus, out-of-school student speech, Defendants are entitled to discover evidence

to make their case under the *Tinker* standard before the Court makes any decision

regarding summary judgment. Accordingly, Plaintiffs' Motion for Leave to File

Motion for Summary Judgment is denied. (ECF No. 28.)

That said, the Court is aware that the Plaintiffs have an interest in resolving

this case before they apply to college, and will issue an expedited discovery schedule

shortly.


IT IS SO ORDERED.

Dated: August 20, 2020                              s/Paul D. Borman
                                                    Paul D. Borman
                                                    United States District Judge



I hereby certify that a copy of the foregoing document was served upon
counsel of record on August 20, 2020, by electronic and/or ordinary mail.

                                                    s/Lisa Bartlet
                                                    Case Manager